The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Victor Joe LIDGREN,
Defendant-Appellant.

No. 85CA1687.

Colorado Court of Appeals,
Div. I.

March 26, 1987.

Rehearings Denied April 23, 1987.

Certiorari Denied July 27, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Forrest W. Lewis, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Victor Joe Lidgren, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of theft by receiving. We affirm.

While driving his automobile one night in a commercial area after the stores were closed, defendant was stopped by police for failure to observe a flashing red light. During the course of the stop, the officer noticed a large quantity of ski jackets and blue jeans piled high on the back seat. Through the car window, he was able to see that the clothing appeared new and unwrinkled. He further noted that the clothing displayed price tags and brand name labels, and that the jackets were on wooden hangers. The officer questioned defendant concerning the goods, and defendant replied that he had purchased the clothing at a flea market four days earlier.

Shortly thereafter, two additional police officers arrived at the scene. One of these officers informed the others of a previous stop of the defendant that night. After conferring with his fellow officers, the officer making the stop returned to defend-

ant's car, and asked to examine the clothing. Defendant agreed, and the clothing was removed from the back seat. Defendant was then asked "if he would mind if [the officers] took some photos of the jackets that he had." He agreed and allowed police to photograph the clothing.

During the photographing, the radio dispatch officer was notified and began to check for recent burglaries in the vicinity; however, none had been reported. After learning this, the investigating officers ticketed defendant for the traffic infraction and allowed him to leave. The entire stop, including the photographing, detained defendant approximately one hour.

Hours later, the police learned of a burglary at a nearby clothing store. The store owner was able to provide police with a list and detailed description of the missing inventory. The police then provided the owner with the photographs they had taken, and he identified the pictured goods as the stolen merchandise.

Subsequently, defendant was arrested, but the articles of clothing were no longer in his possession.

## I.

Defendant asserts error in the trial court's denial of his motion to suppress the photographs. Specifically, defendant contends that the additional length of his detention beyond the time necessary for the investigatory stop of the traffic infraction was impermissible, and therefore, the photographs were obtained in violation of his Fourth Amendment rights.

Defendant's detention, including its extended duration, was valid if: (1) the police had an articulable and specific basis in fact for suspecting that criminal activity had taken place; (2) the purpose of the interference with defendant's liberty was reasonable; and (3) the character of the intrusion was reasonably related to its purpose. *Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971).

First, we agree with the trial court that, under the totality of the circumstances, there was a reasonable suspicion of criminal activity. *See People v. Hazelhurst*, 662 P.2d 1081 (Colo.1983). The officer's testimony regarding the appearance of the clothing was sufficient to justify the suspicion that the goods were stolen.

Second, once a reasonable suspicion of criminal activity was formed, it was reasonable to determine whether any crime had been reported. Thus, the purpose of the interference with defendant's liberty was reasonable.

■ Third, we reject defendant's primary contention that the thirty to forty minute delay attributable to determining whether any crime had been reported was unreasonable. It is true that, generally, whenever detention by a police officer is more than brief, there is an arrest which must be supported by probable cause. *People v. Schreyer*, 640 P.2d 1147 (Colo. 1982). However, when determining whether a detention is too long in duration, it is appropriate to examine whether police were diligent in pursuing a means of investigation likely to resolve their suspicions quickly. *United States v. Sharpe*, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). It is also relevant to consider the circumstances during the stop which give rise to deeper suspicion or justify longer detention. *See United States v. Sharpe, supra; see also* 3 W. LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 9.2 (1978).

■ Under the circumstances here, we hold that the character and length of defendant's detention was consistent with careful and reasonable police investigation. At the scene of the stop, a passenger in defendant's car voluntarily told police that defendant had picked him up approximately ten minutes prior. However, an officer at the scene related that he had stopped the defendant more than an hour earlier for a missing headlight and the same passenger had been with defendant at that time. Additionally, during the earlier stop, the officer had noticed that there was then no clothing piled on the back seat. The presence of the clothing in the car at the time and place of the stop was also a suspicious circumstance. These facts and inconsisten-

cies gave rise to a deeper suspicion of criminal activity.

Furthermore, there is nothing in the record to indicate that police were dilatory in their investigation. The delay in this case was occasioned by the necessity of determining whether any crime had been reported in the vicinity. Thus, we cannot say that the length of a defendant's detention is unreasonable when police are acting diligently and the circumstances contribute to deeper suspicion warranting the need for a resolution of the issue of suspicion. *See United States v. Sharpe, supra.*

## II.

■ Citing *United States v. Recalde,* 761 F.2d 1448 (10th Cir.1985), defendant contends that his consent to allow police the opportunity to photograph the clothing was the product of implied coercion. We find no support for this contention.

In *United States v. Recalde, supra,* the defendant was initially stopped for a traffic offense, and was required to produce his driver's license and registration. After conducting a crime check, the officers, without reasonable suspicion, formed a "gut instinct" that defendant was transporting narcotics. Subsequently, the officers requested permission to search defendant's vehicle. Defendant agreed and the search found nothing. Defendant was then asked to follow the officers to police headquarters for questioning. The defendant did as requested and a further search of the car revealed that illegal drugs had been hidden inside the interior panels.

Although holding that the defendant had consented to the initial search of his car, the *Recalde* court found that the prosecution had failed to sustain its burden concerning the voluntariness of defendant's consent to follow police to the station. The decision was based upon a number of factors unique to the factual circumstances there at issue. The court noted that, when he was requested to accompany the police, defendant's license and registration had not been returned to him and that he could reasonably have felt unable to refuse the officer's request to follow. Additionally,

the court recognized that defendant gave undisputed testimony regarding his Argentinian background which had instilled in him an acquiescence to police authority. Thus, because the record cast doubt of the voluntariness of defendant's consent to accompany police, the court concluded that the prosecution had failed to meet its burden of showing an absence of any coercion or duress.

Here, unlike in *United States v. Recalde, supra,* the record casts no doubt upon the voluntariness of defendant's consent. Each officer's testimony was unrebutted regarding defendant's consent to the photography and there is no evidence that he was coerced in any way. Indeed, defendant voluntarily held the clothing while police took the pictures. Hence, the court's finding that defendant voluntarily consented to the photography is supported by the record, and accordingly, we will not disturb it on appeal. *See People v. Mickens,* 734 P.2d 646 (Colo.App.1986).

The judgment is affirmed.

KELLY and METZGER, JJ., concur.